**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL HUGO,

    Plaintiff,

v.                                                    Civ. No. 21-305 GBW/CG

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction and Failure to State a Claim, or Alternatively for Summary Judgment, and Memorandum in Support ("Motion").  *Doc. 5.*  Having reviewed the Motion and the attendant briefing (*docs. 11, 12*), and being otherwise fully advised in the premises, the Court GRANTS Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim and DENIES Defendant's alternative Motion for Summary Judgment.

I.    BACKGROUND

On October 21, 2018, Plaintiff was riding a dirt bike at Red Sands Off-Highway Vehicle Area ("Red Sands OHVA") in Otero County, New Mexico, when he was in a head-on collision with another recreational vehicle.  *Doc. 1* at ¶¶ 4, 6, 8, 10.  In this case, brought under the Federal Tort Claims Act ("FTCA"), Plaintiff seeks damages for his personal injuries and property damage sustained in that accident.  *Id.* at ¶¶ 7, 15; *doc. 5*

1

at 2.  Plaintiff brings a negligence claim against Defendant United States of America

based on the United States Department of the Interior, Bureau of Land Management's

("BLM") alleged failure to adequately maintain Red Sands OHVA for the safe use of

recreational vehicles.  *Doc. 1* at ¶ 11.

*FACTUAL ALLEGATIONS*

Plaintiff alleges that Red Sands OHVA is a recreational use area owned and

maintained by the BLM for the public use of recreational vehicles.  *Id.* at ¶ 6.  According

to Plaintiff, "Red Sands consists of a large, one-way, loop track" where there is "known

use of high-speed vehicles through rough terrain with minimal visibility around turns

and over hills."  *Id.* at ¶ 8.   Plaintiff alleges that Defendant did not "adequately

maintain the premises, signage, and/or roadways" at Red Sands OHVA, and as a result,

on the day of his accident he "was left with no indication as to the proper direction of

travel." *Id.* at ¶¶ 10, 11; *see also id.* at ¶¶ 8, 9.  Specifically, Plaintiff alleges that on the day

of his accident, there was a "sign at the entrance with a red arrow indicating the

directional path" that was "provided, designed, made, installed, and/or maintained by

Defendant," but it was "faded, illegible, shot with multiple bullet holes, and knocked

down to the point it was lying in the bushes."  *Id.* at ¶¶ 8-9.  Plaintiff alleges that the

lack of clear signage caused his head-on collision with another recreational vehicle and

resulting injuries.  *Id.* at ¶ 10.

2

*PROCEDURAL HISTORY AND MOTION TO DISMISS*

Plaintiff filed his Complaint on April 6, 2021.  *See Doc. 1.*  Defendant filed the present Motion on June 11, 2021, seeking dismissal of Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.  *See Doc. 5.*  In the alternative, Defendant seeks summary judgment on Plaintiff's negligence claim.  *Id.*

Defendant argues that the Court lacks jurisdiction over Plaintiff's claim because Plaintiff cannot establish a waiver of sovereign immunity under the FTCA.  *Id.* at 6.  Specifically, Defendant argues that New Mexico law does not provide a cause of action against a private landowner for the same actions and omissions alleged in the present case, which is a jurisdictional prerequisite to the FTCA's waiver of immunity.  *Id.* at 12.  Defendant contends that it benefits from the constraints on landowners' liability established in the New Mexico Recreational Use Statute ("NMRUS"), N.M. Stat. Ann. 1978 § 17-4-7 (2019), and Off-Highway Motor Vehicle Liability Statute ("OHMVS"), N.M. Stat. Ann. 1978 § 66-3-1013 (2006), so it cannot be held liable to Plaintiff in negligence.  *Id.* at 10, 12.  Finally, because Plaintiff brings his negligence claim under the FTCA, Defendant contends that "the distinction between Rule 12(b)(1) and Rule 56 analysis is immaterial" with respect to the present Motion.  *Id.* at 5.[1]

---

[1] Defendant also makes various factual challenges to Plaintiff's allegations.  *See, e.g., Doc. 5* at 11. However, for the reasons stated below, the Court need not make any findings of fact to determine that it lacks jurisdiction over Plaintiff's claim.

II.     LEGAL STANDARDS

Subject matter jurisdiction is a threshold issue.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (citation omitted).  "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).  "[T]he party invoking federal jurisdiction bears the burden of establishing its existence."  *Steel Co.*, 523 U.S. at 104 (citation omitted).

### A. The FTCA & Sovereign Immunity

Under the doctrine of sovereign immunity, courts lack subject matter jurisdiction over actions against the United States absent a Congressional waiver.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  In the FTCA, Congress waived the United States' sovereign immunity for certain claims, including those "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," if a plaintiff alleges six prerequisite statutory elements.  28 U.S.C. § 1346(b)(1).  To be actionable under § 1346(b), a claim must be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting *Meyer*, 510 U.S. at 477).

4

In addition, Congress has further limited the FTCA's waiver of immunity by removing certain types of claims from its scope.  28 U.S.C. § 2680(a)–(n); *Murphy v. United States*, Civ. No. 20-557 GBW/SMV, 2020 WL 6939716, at *2 (D.N.M. Nov. 25, 2020) (unpublished).  One such exception is for "[a]ny claim … based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of … an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).

### B.  New Mexico Law

 "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court."  *Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001)).  The FTCA's limited grant of subject matter jurisdiction hinges on whether a private person could be subject to state law liability under similar factual circumstances as those alleged against the government actor.  *Hammonds v. United States*, Civ. No. 16-1230 GBW/KRS, 2018 WL 1399183, at *3 (D.N.M. Mar. 19, 2018) (unpublished) (citing *Clark v. United States*, 234 F.Supp.3d 1127, 1135 (D.N.M. 2014), *aff'd*, 695 F. App'x 378 (10th Cir. 2017) (unpublished)).

Here, Plaintiff's Complaint must allege a substantive cause of action that would be viable under New Mexico state law to trigger the Court's jurisdiction under the

FTCA. *See Beller v. United States*, 296 F. Supp. 2d 1277, 1279-80 (D.N.M. 2003). Plaintiff

brings a claim for negligence which, under New Mexico law, requires showing that 1)

Defendant owed a duty to Plaintiff, 2) Defendant breached that duty, 3) Plaintiff

suffered an injury, and 4) Defendant's breach of duty was the cause of that injury.

*Zamora v. St. Vincent Hosp.*, 335 P.3d 1243, 1249 (N.M. 2014).

### C. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to contest a federal court's

jurisdiction over the subject matter of a claim by motion. Fed. R. Civ. P. 12(b)(1). If the

court determines that it lacks jurisdiction over the subject matter of a claim, it must

dismiss it. Fed. R. Civ. P. 12(h)(3). The party invoking a federal court's jurisdiction

bears the burden of establishing that jurisdiction exists. *Basso v. Utah Power & Light Co.*,

495 F.2d 906, 909 (10th Cir. 1974); *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d

1130, 1134 (10th Cir. 2014).

Normally, "a court is required to convert a Rule 12(b)(1) motion to dismiss into a

Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the

jurisdictional question is intertwined with the merits of the case." *Holt v. United States*,

46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir.

1987) and *Redmon ex rel. Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991)),

*abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001).

However, the Court need not convert the present Motion into a motion for summary

judgment under Rule 56 because "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Brownback*, 141 S. Ct. at 749. Therefore, "even though a plaintiff need not *prove* a § 1346(b)(1) jurisdictional element for a court to maintain subject-matter jurisdiction over his claim, a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Id.* (internal citation omitted); *see also Larson v. United States*, No. 3:20-CV-03019-RAL, 2021 WL 3634149, at *8 (D.S.D. Aug. 17, 2021) (unpublished) (dismissing a claim brought under the FTCA for lack of jurisdiction where the plaintiff failed to identify an analogous state law cause of action for the conduct challenged).

In the instant Motion, Defendant asserts that the Complaint fails to plausibly allege one of the jurisdictional elements under the FTCA—namely, that there is an analogous cause of action under New Mexico law through which Plaintiff could prevail against a private party for the same alleged acts and omissions challenged here. *Doc. 5* at 1. In other words, "pleading a claim and pleading jurisdiction entirely overlap" here, so the Court may apply either the Rule 12(b)(1) standard or the Rule 12(b)(6) standard, or both. *Brownback*, 141 S. Ct. at 749 n.8.

### D. Rule 12(b)(6)

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is

plausible on its face.'"  *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir.

2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This standard does not require

"detailed factual allegations," but does require more than "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (citations omitted).  When applying the standard, the Court must

"assume the truth of all well-pleaded facts in the complaint, and draw all reasonable

inferences therefrom in the light most favorable to the plaintiffs."  *Leverington*, 643 F.3d

at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).

However, the Court need not accept the truth of any legal conclusions.  *Iqbal*, 556 U.S. at

678.

"The plausibility standard is not akin to a 'probability requirement' but … [does]

ask[] for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing

*Twombly*, 550 U.S. at 556).  "[A] well-pleaded complaint may proceed even if it strikes a

savvy judge that actual proof of those facts is improbable, and 'that a recovery is very

remote and unlikely.'"  *Twombly,* 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974)).  A complaint need only to "raise a right to relief above the speculative level

. . . on the assumption that all [its] allegations . . . are true (even if doubtful in fact)."  *Id.*

at 555 (citations omitted).  However, "[w]here a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S

8

at 557).

### III.   ANALYSIS

First, the Court addresses Plaintiff's contention that the Court must, as a threshold matter, determine whether the discretionary function exception to the FTCA's waiver of immunity applies. *See Doc. 11* at 2.  Plaintiff argues that the applicability of the discretionary function exception is a "threshold issue" that must be resolved under either Rule 56 or Rule 12(b)(6) because it is intertwined with the merits of the case, and that the court must decide this issue before addressing Defendant's argument that if it were a private party, Plaintiff would not have a cause of action against it under New Mexico law.  *Id.* at 2-3.  The Court is not persuaded.

As discussed previously, one of the six prerequisite elements for stating a claim under the FTCA is to plausibly allege the existence of an analogous state law cause of action against private parties.  28 U.S.C. § 1346(b)(1); *Hammonds*, 2018 WL 1399183 at *3. Therefore, there is no need to reach the issue of whether Defendant's alleged actions and/or omissions fall within the discretionary function exception if Plaintiff has not stated a claim under § 1341(b)(1) in the first place.  Where it is in question whether a plaintiff has plausibly alleged the six elements of § 1341(b)(1), as it is here, the court must assess whether those elements have been established "as a threshold matter." *Brownback*, 141 S. Ct. at 750 n.9.  Indeed, a district court does not have the power to issue a summary judgment ruling when doing so is not necessary for the court to determine

whether it has jurisdiction.   *Id.*

### A.  Defendant is Entitled to the Protections of the NMRUS and OHMVS

Plaintiff argues that the NMRUS and OHMVS do not preclude his negligence claims against Defendant because they do not apply to public landholders.  *Doc. 11* at 14.  Although Plaintiff correctly states that New Mexico courts have held that public entities may not enjoy the protection of the OHMVS, *see, e.g., Martin v. Middle Rio Grande Conservancy Dist.*, 194 P.3d 766, 770 (N.M. Ct. App. 2008), these decisions are not controlling in cases brought under the FTCA because "[t]he main goal" of the FTCA is to allow the United States to be sued for ordinary torts "as if it were a private person." *Ewell v. United States*, 776 F.2d 246, 249 (10th Cir. 1985).  Therefore, immunities created by state law that are available to private persons are equally available to the federal government, even if state courts would hold otherwise.  *See Cox v. United States*, 881 F.2d 893, 895 (10th Cir. 1989) (collecting cases holding that the United States may invoke the protection of state recreational use statutes); *Cohen v. United States*, No. 98-CV-2604 (RJD), 2004 WL 502924, at *9 (E.D.N.Y. Jan. 29, 2004) (applying the NMRUS in a FTCA case); *Woods v. U.S.*, 909 F. Supp. 437, 442 (W.D. La. 1995) (explaining that the FTCA preempts state precedent holding that recreational use statutes do not apply to public lands, because "what Congress ultimately intends by statutory incorporation of state law is a federal question").

Defendant argues that it is entitled to the protections of both the NMRUS and the

10

OHMVS.  *Doc. 5* at 8.  The NMRUS protects landowners, lessees, and persons in control of lands who do not charge a fee to persons coming on to their land "for the purpose of hunting, fishing, trapping, camping, hiking, sightseeing, the operation of aircraft, cave exploring[,] or any other recreational use."  N.M. Stat. Ann. 1978 § 17-4-7.  Defendant landowners who qualify for the protection of the NMRUS owe "only the duty of care owed a trespasser and no more."  *Pfeifer v. United States*, No. Civ. 00-739 JP/RLP-ACE, 2001 WL 37125045, at *3 (D.N.M. June 22, 2001) (unpublished).

The OHMVS was enacted subsequent to the NMRUS to "further expand the scope of immunity extended to landowners for accidents or damages resulting from the use of off-highway recreational vehicles occurring on the lands of another."  *Matthews v. New Mexico*, 825 P.2d 224, 227 (N.M. App. 1991).  The OHMVS expands landowners' immunity by "broaden[ing] the type of recreational vehicles covered" by the NMRUS. *Id.*  The OHMVS reads: "A landowner shall not be held liable for damages arising out of off-highway motor vehicle-related accidents or injuries occurring on the landowner's lands in which the landowner is not directly involved unless the entry on the lands is subject to payment of a fee."  N.M. Stat. Ann. 1978 § 66-3-1013.

Here, it is possible that the Complaint states a claim for negligence notwithstanding the NMRUS, because the NMRUS incorporates the duty of care owed by landowners to trespassers under New Mexico law.  *See* N.M. Stat. Ann. 1978 § 17-4-7; *Maldonado*, 893 F.2d at 269.  Because this duty is to use ordinary care to warn known

trespassers of unreasonably dangerous artificial conditions that are maintained on the land, *see* N.M. R. Ann. 13-1305, it is possible for the United States to be found liable to a recreational user of its land if the recreational user was injured by an "unreasonably dangerous artificial condition" on the land.[2] *See Cohen*, 2004 WL 502924, at *10. However, it is immaterial whether Plaintiff has sufficiently alleged that he was injured by an unreasonably dangerous artificial condition because the OHMVS applies and bars his negligence claims.

### B.  The OHMVS

Because Plaintiff alleges 1) he was injured in an off-highway accident, 2) that occurred while he was riding a motor vehicle, 3) on Defendant's land, and 4) he is seeking damages arising from that accident, and because Plaintiff fails to allege that he paid a fee to access Red Sands OHVA, the OHMVS clearly applies.  *See generally doc. 1*; *see also Vandolsen v. Constructors, Inc.*, 678 P.2d 1184, 1186 (N.M. Ct. App. 1984) (affirming dismissal of an injured dirt bike rider's negligence claim under the OHMVS). As stated previously, the OHMVS does not immunize landowners from liability if they were "directly involved" in a plaintiff's accident.  N.M. Stat. Ann. 1978 § 66-3-1013.  For

---

[2]  The Court is unpersuaded by Defendant's argument to the contrary based on *Maldonado v. United States*. Defendant cites *Maldonado* for the proposition that the NMRUS "provides that the landowner owes *no duty of care*." *Doc. 5* at 8.  However, the holding in *Maldonado* that the United States owed no duty of care was premised on its finding that the trial court did not err in finding that the land where the injury at issue occurred was in a natural condition.  893 F.2d at 269.  Because New Mexico law recognizes no duty to protect trespassers from natural conditions, *see* N.M. R. Ann. 13-1307, the Court concludes that the broad holding from *Maldonado* is limited to that context.

the purposes of the OHMVS, landowners are deemed "directly involved" in an act that leads to injury on their property when they engage in "'willful' or 'malicious' conduct proximately causing injury to individuals who have entered upon [their] property." *Matthews*, 825 P.2d at 296.  New Mexico law clearly distinguishes between "willful" and "malicious" conduct and conduct that is negligent or even grossly negligent.  *Id.* at 296-97; *Rivero v. Lovington Country Club*, 949 P.2d 287, 289-90 (N.M. Ct. App. 1997).

However, the Complaint entirely fails to allege that Defendant's actions were willful or malicious rather than merely negligent, which strips Plaintiff of the right to recover damages here.  *Cf. Sulzen ex rel. Holton v. United States*, 54 F. Supp. 2d 1212, 1218 (D. Utah. 1999) (denying the government's motion for summary judgment in a FTCA case where it asserted immunity under Utah's recreational use statute, which held an exception for "willful or malicious conduct," because "plaintiffs . . . raised a question of fact as to whether the United States had knowledge of a dangerous condition that was likely to result in serious injury"); *Otteson v. United States*, 622 F.2d 516, 520 (10th Cir. 1980) (applying Colorado's recreational use statute and affirming summary judgment because "plaintiff's claim for relief is plainly couched in terms of negligence[,] . . . [so][t]he complaint on its face creates no issue of willful or malicious government conduct").  The Complaint clearly attributes Plaintiff's damages to Defendant's negligence.  *See, e.g., Doc.* 1 at ¶ 11 ("Defendant . . . was negligent in failing to exercise ordinary care . . . ."); *id.* at ¶ 14 ("Defendant's negligence was a direct cause of Mr.

13

Hugo's injuries and damages").

### C.  Alleged Violations of BLM Sign Manual 9130

Finally, Plaintiff's allegations concerning Defendant's failure to comply with its internal sign manual and other "mandatory duties" fail to support a cause of action under New Mexico law and therefore under the FTCA.  *Doc. 1* at ¶¶ 11-12; s*ee Larson*, 2021 WL 3634149, at *8 (finding subject matter jurisdiction over a FTCA claim lacking where the plaintiff failed to identify "any [state] law that requires private persons to follow procedures similar to those that the [federal defendant] must follow [pursuant to its regulations]").  It is "axiomatic" that the FTCA does not provide a cause of action "where the claimed negligence arises out of the failure of the United States to carry out a federal statutory [or regulatory] duty in the conduct of its own affairs."  *United States v. Agronics Inc.*, 164 F.3d 1343, 1345 (10th Cir. 1999) (citing *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997)); *Mecca v. U.S.*, 389 F. App'x 775, 779 (10th Cir. 2010) (unpublished).  This limitation vindicates the underlying goal of the FTCA, which, again, is to waive the federal government's immunity to the same extent as "a private person could be held liable under state tort law."  *Agronics Inc.*, 164 F.3d at 1346; *see also id.* ("[I]t is hard to imagine how state law could recognize a duty of a private person [in connection with] . . . regulation . . . which is reserved exclusively to the federal government" (quoting *Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir.

1996))).

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint (*doc. 1*) fails to allege that a private party similarly situated to Defendant could be found liable to Plaintiff under New Mexico law.  Therefore, Plaintiff has failed to plausibly allege each of the six prerequisite elements for a claim under 28 U.S.C. § 1346(b)(1), which deprives the Court of subject matter jurisdiction over Plaintiff's claim.  *Brownback,* 141 S. Ct. at 749; *Mecca,* 389 F. App'x at 779.  Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (*doc. 5*) is accordingly GRANTED and Defendant's alternative Motion for Summary Judgment (*id.*) is DENIED.

IT IS HEREBY ORDERED that Plaintiff's complaint against Defendant is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**